NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SNYDERS HEART VALVE LLC,**
*Appellant*

**v.**

**ST. JUDE MEDICAL, LLC,**
*Appellee*

**UNITED STATES,**
*Intervenor*

---

2019-2111

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00107.

---

Decided:  September 9, 2020

---

MATTHEW JAMES ANTONELLI, Antonelli, Harrington & Thompson, LLP, Houston, TX, for appellant.  Also represented by ZACHARIAH HARRINGTON, LARRY D. THOMPSON, JR.; SARAH RING, Daniels & Tredennick, Houston, TX.

JOHN C. O'QUINN, Kirkland & Ellis LLP, Washington, DC, for appellee.  Also represented by HANNAH LAUREN

BEDARD, JASON M. WILCOX; BRYAN SCOTT HALES, KRISTINA NICOLE HENDRICKS, Chicago, IL.

MELISSA N. PATTERSON, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by COURTNEY DIXON, SCOTT R. MCINTOSH, ETHAN P. DAVIS; THOMAS W. KRAUSE, ROBERT MCBRIDE, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

In its opening brief, Snyders Heart Valve LLC ("Snyders") argues that the final written decision of the Patent Trial and Appeal Board ("Board") at issue in this appeal violates the Constitution's Appointments Clause because it was rendered by an unconstitutionally appointed panel of Administrative Patent Judges. Appellant's Br. 14. We decided this issue in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019).[1] Under *Arthrex*, which post-dated the Board's final written

---

[1]    Snyders argues that the *Arthrex* remedy is insufficient because it does not allow for review of the Board's decisions by a superior officer and is inconsistent with Congress's intent that Administrative Patent Judges act independently. Appellant's Br. at 15–16. We do not separately address these argument as we are bound by *Arthrex*. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1338 (Fed. Cir. 2019).

decision in this case, Snyders is entitled to vacatur and remand for a hearing before a properly appointed Board.[2]

Snyders further argues that due to its own unique circumstances it is entitled to greater relief than that afforded to the appellant in *Arthrex*. Appellant's Br. 16–18. In Snyders' case, the Director of the United States Patent and Trademark Office ("USPTO"), Andre Iancu, served as counsel for the Appellee St. Jude Medical LLC ("St. Jude") in a parallel proceeding prior to his appointment as Director. Director Iancu has therefore recused himself from this case. Snyders argues that the Director's conflict should be imputed to *all* USPTO employees and that his recusal should impact the remedy available to Snyders. This argument is without merit. The USPTO's Deputy Director has the authority to step into the shoes of Director in the event of the Director's "incapacity." 35 U.S.C. § 3(b)(1). A conflict requiring recusal qualifies as an "incapacity" within the meaning of the statute. *Cf. In re Grand Jury Investigation*, 916 F.3d 1047, 1055–56 (D.C. Cir. 2019) (discussing, under a similar statutory scheme, the Deputy Attorney General's authority to oversee a case when the Attorney General is recused). The Deputy Director's role sufficiently removes any potential taint of the Director's conflict. We see no reason why, moreover, the Director's lack of participation otherwise impacts the *Arthrex* remedy analysis. Accordingly,

---

[2]    St. Jude argues that because Snyders expressly waived its *Arthrex*-based challenge in a companion appeal, Case Nos. 2019-2108, -2109, -2140, we should deem the argument waived in this appeal. Snyders was not obligated to press every argument available to it in a different appeal to maintain its rights in this one. The companion appeal addresses inter partes reviews of a different patent than the one at issue in this appeal. We do not find waiver on this record.

Snyders is entitled to the same relief given to the *Arthrex* appellant and no more.

The decision of the Board is thus vacated and remanded for proceedings consistent with our decision in *Arthrex*.

**VACATED AND REMANDED**

Costs

No costs.